UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

          -v.-                                   ORDER

KAMRAN FARIDI,                       No. 20-CR-441 (CS)

                  Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Kamran Faridi's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 41.)

      Defendant was convicted by plea of transmitting a threat in interstate commerce, in violation of 18 U.S.C. § 875(c); threatening to assault a federal officer, in violation of 18 U.S.C. § 115(a)(1)(B); and obstruction of justice, in violation of 18 U.S.C. § 1505. (ECF No. 37.) On December 18, 2020, he was sentenced principally to 84 months' imprisonment. (*Id*.) He has served almost 42 months. He argues that his sentence should be reduced to time served based on his medical conditions and the risks presented by COVID-19.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years

old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

      Defendant has provided some (albeit incomplete) medical records, which reflect his treatment for various medical and mental health conditions.  While he has an unusual constellation of ailments for a man under 60, it is apparent from the records that he is receiving regular attention for them, and he does not contend otherwise.  Sad to say, he would be suffering from the same maladies outside of prison.  But I recognize that a congregate setting like prison can present a higher risk of COVID-19 infection. Defendant's only ailments that appear on the Centers for Disease Control's list of conditions that create a risk of severe illness from COVID-19 are a mood disorder (for which Defendant receives medication) and asthma – but only moderate to severe asthma presents an enhanced risk, and there is no indication in the records that Defendant's asthma rises to that level.  Further, FCI Coleman, where Defendant is incarcerated, is currently reporting two inmate cases out of 6332 inmates.  FCI Coleman Low, where Defendant is house within FCI Coleman, is at normal operational levels, with no special COVID precautions deemed necessary.  Moreover, Defendant has been vaccinated and boosted, which means that "any risk of severe illness from COVID-19 has been substantially decreased." *United States v. Patel*, No. 21-1746, 2022 WL 1634454, at *2 (2d Cir. May 24, 2022).

Accordingly, Defendant's medical conditions and the risks presented by COVID-19 in prison do not rise to the level of extraordinary and compelling.

Even if Defendant had shown extraordinary and compelling circumstances, I would still have to consider the § 3553(a) factors. They strongly militate against reduction of Defendant's sentence only halfway into that sentence, essentially for the reasons stated by the Government. (*See* ECF No. 43 at 10-11.)

Accordingly, the motion is denied.

Dated: August 20, 2023
       White Plains, New York

                                                    _____
                                                    CATHY SEIBEL, U.S.D.J.