UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

          -v.-　　　　　　　　　　　　　　　SEALED ORDER

KAMRAN FARIDI,　　　　　　　　　　　　　No. 20-CR-441 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      The Court has received a letter-motion dated January 10, 2022, from Rachelle Barbour, an interested citizen and Assistant Federal Public Defender in Sacramento, requesting that the Court unseal the docket and judicial documents in a case she correctly believes has been brought against Defendant Kamran Faridi. The Government has opposed by letter dated February 1, 2022.

      Essentially for the reasons stated by the Government, the application is denied. Unsealing would compromise sensitive national-security interests, ongoing investigations and the safety of individuals. Redaction is not practicable. While Ms. Barbour points to public reporting, reporting can be incorrect, and there is a significant difference between reporting and official confirmation. *Cf. Wilson v. C.I.A.*, 586 F.3d 171, 195 (2d Cir. 2009); *Ftizgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990).

      The Court is concerned that it appears from the reporting that someone has provided a journalist with sealed court papers.[1] Suspicion naturally turns to Defendant because he apparently gave interviews to the same journalist. The Government in its opposition requested a court proceeding to explore these issues. It should confer with defense counsel, the Marshals and my courtroom deputy to schedule such a proceeding. If it is true that Defendant is participating in generating publicity about his case, he would seem to be putting himself in danger, not to mention potentially interfering with ongoing investigations. If he or anyone else has provided papers from this case to a reporter, that would violate the Court's sealing order and potentially justify a finding of contempt.

      At some point, however, it may be that sufficient information becomes public – as the result of Defendant's appeal, additional reporting or otherwise – that unsealing becomes appropriate, at least in part. Per my sealed December 20, 2021 endorsement, the Government shall update the Court on this issue at the earliest of the date of the conclusion of the appellate proceedings, the date when sealing is no longer necessary, or December 19, 2022.

---

[1] In addition, Ms. Barbour apparently has been informed of at least the Magistrate and District Court docket numbers for the case.

I have issued the attached Order which my chambers will send to Ms. Barbour. My chambers will send this Order to the parties and file it under seal.

SO ORDERED.

Dated: White Plains, New York
       May 12, 2022

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE APPLICATION DATED
JANUARY 10, 2022                                            ORDER
-----------------------------------------------------x

Seibel, J.

       The Court has received a letter-motion dated January 10, 2022, from Rachelle Barbour, an interested citizen and Assistant Federal Public Defender in Sacramento, requesting that the Court unseal the docket and judicial documents in a case she believes has been brought against a particular individual. The Government has opposed by letter dated February 1, 2022.

       Essentially for the reasons stated by the Government, the application is denied.

       Nothing I have said should be interpreted as confirming Ms. Barbour's surmise.

       My chambers will send a copy of this Order to Ms. Barbour.

SO ORDERED.

Dated: White Plains, New York
       May 12, 2022

*[signature]*
CATHY SEIBEL, U.S.D.J.