UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

KAMRAN FARIDI,

Defendant.

20-CR-441 (CS)

ORDER

---

CATHY SEIBEL, District Judge:

On December 9, 2022, Defendant Kamran Faridi was sentenced principally to a term of imprisonment of 84 months on his convictions for transmitting threats in interstate commerce, threatening to assault a federal officer, and obstruction of justice. (ECF No. 37.) He has now moved for a sentence reduction based on Amendment 821 to the Sentencing Guidelines. (ECF No. 52.) That Amendment makes retroactive the provisions of U.S.S.G. § 4C1.1, which provides for a two-level reduction in offense level for eligible offenders with zero criminal history points. Defendant's original sentencing range was 51-63 months based on offense level 24, and I sentenced him well above that range based on aggravating factors that I need not detail here. His amended range, if eligible under § 4C1.1, would be 41-51 months based on offense level 22.

The Probation Department has concluded that Defendant is not eligible, because his offense involved "credible threats of violence." U.S.S.G. § 4C1.1(a)(3). Defendant argues that his threats of violence were not credible, because they were mere words, he did not intend to carry out the threats, he took no steps to do so, and the agents who he threatened are tough and did not fear him. (ECF No. 52 at 3-5.) The Government agrees that the threats, "while harrowing, were not credible given the defendant's geographic separation from his victims, the

nature of his threats, and the nature of his victims (*i.e.*, FBI Special Agents). (ECF No. 54 at 2.) The Government's position is hard to reconcile with its statement on page 16 of its sentencing memo (which was apparently never docketed) that the threats "caused serious distress to his victims." But I suppose it is possible that the threats were seriously disturbing even if the agents did not (as I noted at sentencing) really believe that Defendant would come to New York from Florida to carry out his threats, and so I accept for present purposes that the threats were not credible and that Defendant is eligible for a reduction.

I have considered the record in this case and the factors set forth in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c). While I still believe an above-Guidelines sentence is warranted for the reasons I set forth at sentencing, and while Defendant's conduct was inexcusable, his Guidelines range would be lower if he were sentenced today, and he will be subject to a three-year term of supervised release.

It is therefore ORDERED that the defendant's term of imprisonment is reduced to 72 months' imprisonment, effective immediately.[1] All other components of the sentence remain as originally imposed. The Government is directed to promptly provide a copy of this Order to the Bureau of Prisons and Probation.

SO ORDERED.

Dated: March 18, 2024
      White Plains, New York

*[signature: Cathy Seibel]*
CATHY SEIBEL, U.S.D.J.

---

[1] The schedule I set allows for Defendant to reply to the Government's submission by March 25, 2024, (ECF No. 53), but as Defendant appears to be correct that "[a] 12 month reduction of [his] sentence to accommodate his new guidelines while keeping the 21 month upward variance would result in his immediate release," (ECF No. 52 at 5), I reduce the sentence without awaiting the reply, for Defendant's benefit.