UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

KAMRAN FARIDI,

                    Defendant.

20-CR-441 (CS)

ORDER

CATHY SEIBEL, District Judge:

Before the Court is Defendant Kamran Faridi's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1), (ECF Nos. 56, 59), and the Government's opposition thereto, (ECF No. 58).  Defendant was sentenced principally to a term of imprisonment of 84 months, to be followed by three years of supervised release, on his convictions for transmitting threats in interstate commerce, threatening to assault a federal officer, and obstruction of justice.  (ECF No. 37.)  The prison portion of that sentence was reduced to 72 months pursuant Amendment 821 to the Sentencing Guidelines.  (ECF No. 55.)  All other components of the sentence remain as originally imposed.  (*Id.*)

A court has discretion to "terminate a term of supervised release and discharge a defendant 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"  *United States v. Melvey*, No. 07-CR-0055, 2018 WL 6624193, at *1 (E.D.N.Y. Dec. 18, 2018) (quoting 18 U.S.C. § 3583(e)(1)).  In exercising that discretion, I must consider the factors set forth in 18 U.S.C. § 3553(a) that are incorporated into § 3583(e).  *See id.* at 2.  "[E]arly termination is not warranted as a matter of course; on the contrary, it is only

occasionally justified due to changed circumstances of a defendant, such as exceptionally good behavior." *Id.* at 2 (cleaned up). A defendant "is not entitled to early termination simply because he has successfully served a portion of his supervised release." *Id.*

Defendant points out that he made good use of his time in prison, has lawful employment in Dubai, and "has remained in full compliance with all supervision conditions." (ECF No. 55 at 2.) He therefore argues that he has been fully rehabilitated and that continued supervision does not serve the relevant purposes of sentencing. (*Id.* at 3-5.) The Government represents that Defendant has had no interactions with his Probation Officer for over a year and has not answered or returned the Officer's calls to Defendant's last known phone number. I therefore have only Defendant's word that he has been rehabilitated. Indeed, not responding to Probation's attempts to reach out (or not providing Probation with current contact information) hardly amounts to full compliance. But even assuming that Defendant has been stable and law-abiding while on supervised release, those things "are commendable but are expected of a person on supervised release and do not constitute the exceptional behavior contemplated in the precedents. *Melvey*, 2018 WL 6624193, at *2 (cleaned up).[1]

Further, given that Defendant's conduct included providing information to suspected terrorists, the nature of the offenses, the need for deterrence and the need to protect the public

---

[1] Defendant states, without further elaboration, that supervision "has become a practical obstacle to [his] professional work" because his "status requires repeated administrative clearances for travel and employment." (ECF No. 59 ¶ 6.) I am puzzled as to how this can be when he has had no contact with Probation, and in any event he identifies no travel or employment on which he missed out due to his supervision. Defendant also notes that he is a university teacher and that "[s]ome institutions hesitate to finalize academic contracts until supervision is resolved." (*Id.*) He provides no facts suggesting that he has lost any academic opportunity for that reason, and in any event he maintains, by his account, stable university employment, and will have the opportunity to seek other positions when his supervised release expires.

militate against early termination.  I recognize that supervision of Defendant when he is abroad is necessarily less effective than it would be if he were in this country, but in light of the possibility that he could return here and in light of the serious repercussions should he again attempt to assist suspected terrorists, early termination is unwarranted.

I have considered all of the § 3553(a) factors incorporated into § 3583(e), even those I have not specifically discussed.  For the reasons stated above, the motion is denied.  Further, to allow for some level of supervision, Defendant is ordered to immediately provide his Probation Office with his current contact information (cellphone(s), landline and office if applicable, home and work addresses, email address(es)).  The Court does not have a mailing address for Defendant, as he had someone in this country mail his documents to the Court, so the Clerk of Court is respectfully directed to send a copy of this Order to the return address on the envelopes containing his submissions: Kamran Faridi, P.O. Box 36135, Grosse Pointe, MI 48230.

SO ORDERED.

Dated: February 10, 2026
      White Plains, New York

_____
      CATHY SEIBEL, U.S.D.J.

3